IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY JOHN ROBERSON, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:18-CV-2608-M-BK |
| § | |
| DALLAS COUNTY DISTRICT COURT § | |
| 291ST, ET AL., § | |
| DEFENDANTS. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On October 1, 2018, Plaintiff Billy John Roberson, filed his *pro se Complaint for Violation of Civil Rights* under 42 U.S.C. § 1983 and a pleading titled "Judicial Review Complaint," in which he names as Defendants the 291st Judicial District Court of Dallas County, Jeanette Hollingsworth in her official capacity as court coordinator, and Carmen White in her official capacity as administrative chief of the 291st District Court. Doc. 3 at 2-3, 7. Roberson subsequently submitted *Answers to Magistrate Judge's Questionnaire*, expounding the allegations in his complaints. Doc. 7.

Roberson asserts that on August 11, 2018, he filed a petition to expunge his criminal record and, on September 28, 2018, appeared for a required hearing. Doc. 3 at 4, 8. However, the clerk informed him that the hearing would be postponed because the agencies involved had not yet responded. *Id.* Roberson sues under 42 U.S.C. § 1983, complaining that the expunction hearing was not held within thirty days of filing as required by state law. Doc. 3 at 4-5; Doc. 7 at 1, 4-5. As relief, he seeks an order of this Court directing the state court to expunge his criminal convictions and $7.5 million in compensatory damages for lost time, travel and emotional distress. Doc. 3 at 5; Doc. 7 at 2.[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

---

[1] In answer to the questionnaire, Roberson lists the criminal cases that he is seeking to expunge. Doc. 7 at 3.

2

("Pleadings must be construed so as to do justice."). However, even when liberally construed, Roberson's complaint fails to state a claim upon which relief may be granted.

Federal trial courts do not have the power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Roberson's request that this Court direct the state court to expunge his prior criminal convictions can only be construed as seeking mandamus relief against the judge, court coordinator and administrator of the 291st Judicial District Court. Thus, Roberson's request for mandamus relief lacks merit and should be dismissed as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties); *Peters v. Tex. Court of Criminal Appeals*, 547 F. App'x 557, 558 (5th Cir. 2013) (per curiam) (affirming dismissal of mandamus petition against the Court of Criminal Appeals for failure to state a claim).

Moreover, a claim under 42 U.S.C. § 1983 must allege: (1) that the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Roberson's bare allegations, even when liberally construed, fail to allege facts that rise to the level of a constitutional claim. *See Manuel v. City of Joliet*, ___ U.S. ___,137 S. Ct. 911, 920 (2017) ("the threshold inquiry in a § 1983 suit . . . requires courts to 'identify the specific constitutional right' at issue" (quoting *Albright v. Oliver,* 510 U.S. 266, 271 (1994))). Indeed, he only alleges that Defendants failed to comply with a state statute and raises no federal claim whatsoever. Thus, Roberson has also failed to state a claim under Section 1983.

### III.  LEAVE TO AMEND

Usually, a *pro se* plaintiff should be grated leave to amend his complaint prior to dismissal.  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  However, granting the opportunity to amend is not required if the plaintiff has already pleaded his "best case." *Id.* For the reasons previously stated, Roberson's claims are wholly without merit.  Further, Roberson had the opportunity to supplement his complaint in his *Answers to the Magistrate Judge's Questionnaire*.  Thus, the Court concludes that he has already pled his best case and granting leave to amend would serve no purpose but to cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, March 5, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).